IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

OFFICE MANAGEMENT SYSTEMS INC
d/b/a LOGISTA.                                                    PLAINTIFF

V.                                                    NO: 1:25-CV-00057-GHD-RP

AVALARA, INC.                                                    DEFENDANT

## OPINION

Presently before the Court in this commercial contractual dispute is the Defendant's motion

to dismiss or, alternatively, to transfer under 28 U.S.C. § 1404(a) [9]. The Plaintiff has responded

in opposition. As described below, after considering the record and relevant legal authority, the

Court finds the Defendant's motion should be granted insofar as the Defendant seeks to transfer

this action pursuant to 28 U.S.C. § 1404(a), and this action shall be transferred to the Southern

District of New York.

### *FACTUAL AND PROCEDURAL BACKGROUND*

The Plaintiff is a Mississippi-based telecommunications, tax compliance, and technology

services provider; the Defendant is a North Carolina-based corporation that offers cloud-based tax-

compliance automation software to businesses and government entities worldwide [1, 9-1]. In

2021, the parties entered into a contractual arrangement ("Agreement") whereby the Plaintiff

purchased certain corporate tax filing services from the Defendant pursuant to a Sales Order that

expressly incorporates certain Terms and Conditions [9-2]. The subject Terms and Conditions

governed the parties' commercial relationship [9-2]. Included in those Terms and Conditions is a

mandatory forum-selection clause that specifies "[f]or any claims or causes of action arising out

of the Agreement, the Parties agree to the exclusive jurisdiction of, and venue in, the state and

federal courts located in New York County, New York." [9-2, at para. 13f].

The Plaintiff alleges that, in 2023 and 2024, the Defendant breached the parties' Agreement by making certain errors in the filing of a tax form on the Plaintiff's behalf and then failing to correct those errors [1]. This litigation followed. The Plaintiff asserts claims for breach of contract and negligence regarding the Defendant's conduct surrounding the filing of the subject tax form. The Defendant has now moved to dismiss this action or, alternatively, to transfer this action to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(a), based on the parties' mandatory forum selection clause contained in the Parties' Agreement that underlies the Plaintiff's claims.

## *DISCUSSION*

### Relevant legal standards

A motion to transfer venue based on a forum selection clause is governed by 28 U.S.C. §1404(a). The Supreme Court has held forum selection clauses are "given controlling weight in all but the most exceptional cases." *Atlantic Marine Constr. Co. v. U.S. Dist. Ct. for Western Dist. of Texas*, 571 U.S. 49, 62-3 (2013) (holding "[w]hen the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause. Only under extraordinary circumstances *unrelated to the convenience of the parties* should a §1404(a) motion be denied.") (emph. added).

In *Atlantic Marine*, the Supreme Court held a valid forum selection clause significantly alters the §1404(a) statutory analysis. Specifically, when a forum selection clause is at issue, "a court must determine whether (i) 'the forum-selection clause is mandatory or permissive,' (ii) 'the forum-selection clause is enforceable,' and (iii) "'*Atlantic Marine*'s balancing test' of public interest factors" supports dismissal. *Ney v. 3i Grp., P.L.C.*, No. 21-50431, 2023 WL 6121774, at *4 (5th Cir. Sep. 19, 2023) (quoting *PCL Civ. Constructors, Inc. v. Arch Ins. Co.*, 979 F.3d 1070,

2

1073-74 (5th Cir. 2020)).  Under this required analysis, the plaintiff's choice of forum merits no weight, private interest arguments are waived, and courts may consider only public-interest factors, which rarely defeat transfer. *Atl. Marine*, 571 U.S. at 63–64.

Moreover, in a case where a plaintiff defies a forum-selection clause, as in this case, the plaintiff "bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Atl. Marine,* 571 U.S. at 63.  Specifically, the Fifth Circuit has held the party resisting enforcement of a mandatory forum selection clause bears a "heavy burden of proof," which includes a "strong presumption in favor of the enforcement of mandatory [forum selection clauses]." *PCL Civil Constructors, Inc.*, 979 F.3d at 1074; *Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 441 (5th Cir. 2008) (quoting *Haynsworth v. The Corporation*, 121 F.3d 956, 963 (5th Cir. 1997)).

## Analysis

As for the first step in the Court's *Atlantic Marine* analysis, whether the subject forum-selection clause is mandatory or permissive, a forum selection clause is mandatory if it "clearly demonstrate the parties' intent to make that jurisdiction exclusive." *City of New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d 501, 504 (5th Cir. 2004)); *PCL Civ. Constructors, Inc*, 979 F.3d at 1073.  A mandatory forum-selection clause "affirmatively requires that litigation arising from the contract be carried out in a given forum" by "contain[ing] clear language specifying that litigation must occur in the specified forum." *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 768 (5th Cir. 2016).

Here, the forum-selection clause contained in the parties' Agreement contains mandatory language, stating the parties agree to "the exclusive jurisdiction of, and venue in, the state and federal courts located in New York County, New York." [9-2, at para. 13f].  Because this clause

3

unambiguously demonstrates the parties' agreement that New York courts are the exclusive jurisdiction for any Agreement-related disputes, the Court holds the subject forum selection clause is mandatory.

The Court next must consider whether the subject forum selection clause is enforceable. The Fifth Circuit has held it applies "a strong presumption in favor of enforcing mandatory forum-selection clauses," which imposes upon the Plaintiff in this case a high burden to make a "clear showing" the subject clause is not enforceable. *Al Copeland Invs., L.L.C. v. First Specialty Ins. Corp.*, 884 F.3d 540, 543 (5th Cir. 2018). The Plaintiff may overcome this presumption only with "a clear showing that [the] forum-selection clause is 'unreasonable' under one of the following circumstances: (1) the incorporation of the forum-selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement will for all practical purposes be deprived of his day in court because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene a strong public policy of the forum state." *Id.* (quoting *Haynsworth*, 121 F.3d at 963). As the Court previously noted, "[t]he party resisting enforcement on these grounds bears a 'heavy burden of proof' in seeking to overcome a forum selection clause, particularly when the resisting party is not an ordinary consumer." *Haynsworth*, 121 F.3d at 963 (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 17 (1972)); see also *Nationwide Mut. Fire Ins. Co. v. Interface Security Systems, LLC*, 655 F. Supp. 3d 486, 501 (S.D. Miss. 2023) (holding a "commercial plaintiff is held to a higher standard than the ordinary consumer").

Here, the Court finds the Plaintiff cannot meet this burden. As to the first factor, the Plaintiffs do not allege fraud or overreaching specifically as to the forum selection clause. As the

4

Fifth Circuit has made clear:

> [f]raud and overreaching must be specific to a forum selection clause in order to invalidate it. That is, The Bremen's exception for unreasonable fraud or overreaching does not mean that any time a dispute arising out of a transaction is based upon an allegation of fraud . . . the clause is unenforceable. Rather, it means that an arbitration or forum-selection clause in a contract is not enforceable if the inclusion of that clause in the contract was the product of fraud or coercion."

*Haynsworth*, 121 F.3d at 963. Here, there is no evidence, and indeed no allegation, that the Defendant took any action to defraud the Plaintiff specifically as to the forum selection clause, and the Court finds the clause is presented in plain view and in the same typeface and font as other provisions in the parties' Agreement, including provisions that the Plaintiff itself is seeking to enforce [9-2]. The Court therefore finds this factor weighs in favor of enforceability.

As to the second factor, the Court finds the Plaintiff will not be deprived of its day in court if this case is moved to the Southern District of New York. While the Plaintiff has clearly indicated it prefers this venue to the Southern District of New York, it will be fully capable of litigating its claims there just as it would litigate them here, and the Fifth Circuit has made clear the "inconvenience of trying a case in one state versus another is insufficient to invalidate a forum-selection clause." *Hartash Constr., Inc. v. Drury Inns, Inc.*, 252 F.3d 436 (5th Cir. 2001); *Havard v. Offshore Specialty Fabricators, LLC*, No. 14-824 Section F, 2019 WL 6218648, at *4 (E.D. La. Nov. 21, 2019) (holding "[f]inancial hardship is not enough to render a *prima facie* valid forum selection clause unenforceable."). Accordingly, the Court finds the second factor weighs in favor of enforcement.

As to the third factor, the Plaintiff does not argue that the law as applied in the Southern District of New York would be fundamentally unfair. In any event, even if that forum's precedents are less friendly to the Plaintiff, a "chosen forum is not fundamentally unfair merely because its law is less generous than, or because the result might differ from that under, the forum state's law."

*Noble House, L.L.C. v. Certain Underwriters at Lloyd's, London*, 67 F.4th 243, 251 (5th Cir. 2023) (quoting *Barnett v. DynCorp Int'l, L.L.C.*, 831 F.3d 296, 308 n.14 (5th Cir. 2016)). As to the fourth factor, there is no argument that enforcement of the forum selection clause will contravene a public policy of the forum state. Accordingly, the Court finds the third and fourth factors weigh in favor of enforcement, as did the first and second factors. The court therefore concludes the forum selection clause in this case is both mandatory and enforceable.

As for the third and final *Atlantic Marine* factor, "the existence of a mandatory, valid and enforceable forum selection clause means that we afford no weight to plaintiff's choice of forum and consider only the following public-interest factors: (1) administrative difficulties flowing from court congestion; (2) local interest in having localized controversies decided at home; (3) the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; (4) the avoidance of unnecessary problems in conflict of laws; and (5) the unfairness of burdening citizens in an unrelated forum with jury duty. Those factors justify refusal to enforce a forum-selection clause in 'truly exceptional cases.'" *Al Copeland Invs., L.L.C.*, 884 F.3d at 545. Ultimately, it is the Plaintiff's "truly exceptional" burden to attempt to prove one of these points. *Id.*

As to these public interest factors, in all but the most unusual cases, "the interest of justice is served by holding parties to their bargain." *Atl. Marine Const. Co.*, 571 U.S. at 66. Given that the Court has found a valid and enforceable mandatory forum-selection clause exists in this case, "[the Plaintiff is] acting in violation of the forum-selection clause, [and] must bear the burden of showing that public-interest factors overwhelmingly disfavor a transfer." *Id.* at 67. "Because public-interest factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases. Although it is 'conceivable in a particular

6

case' that the district court 'would refuse to transfer a case notwithstanding the counterweight of a forum-selection clause,'" those cases will not be common. *Id.* at 64 (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 30–31 (1988)).

The Plaintiff argues two public-interest reasons why this case should not be transferred to the United States District Court of the Southern District of New York. First, the Plaintiff argues, without evidence, the Southern District of New York's court docket may be more congested than the Northern District of Mississippi's, which will lead to delay. While the Plaintiff is correct in asserting the population in the Southern District of New York is greater than the population in this District, the number of federal judges in that District likewise is greater than in this District, and the Plaintiff presents no evidence whatsoever that docket congestion exists in that District or that this case's resolution will be delayed in that district. Accordingly, the Court assigns no weight to this argument. Second, the Plaintiff points to this district as its chosen forum, and that its choice of forum should be respected. As the Court has previously noted, however, under the required *Atlantic Marine* analysis, in the presence of a valid forum-selection clause, "the plaintiff's choice of forum merits no weight." *Atl. Marine*, 571 U.S. at 63–64. Accordingly, the Court assigns no weight to this argument.

The Court therefore finds the circumstances alleged by the Plaintiff do not rise to the level of "most unusual" or "extraordinary," as is required to deny a Section 1404(a) transfer. *Atl. Marine*, 571 U.S. at 62–66. The Plaintiff has failed to meet its burden of demonstrating that this is an unusual and uncommon case in which the public-interest factors overwhelmingly disfavor a transfer in the face of a forum-selection clause. Consequently, the Court holds the subject forum-selection clause requires transfer of this case, under 28 U.S.C. § 1404(a), to the United States District Court for the Southern District of New York. See, e.g., *In re Rolls Royce Corp.*, 775 F.3d

671 (5th Cir. 2014) (transferring case where no "exceptional circumstances" were present).

In sum, because the subject forum selection clause is mandatory, valid, and applicable to the claims at issue—and because the Plaintiff cannot meet its heavy burden to demonstrate exceptional circumstances warranting departure from the contracted forum—transfer to the Southern District of New York is both appropriate and required pursuant to Section 1404(a). Thus, the Defendant's motion to transfer venue shall be granted.

### *CONCLUSION*

For the foregoing reasons, the Defendant's Motion to dismiss or, alternatively, to transfer under 28 U.S.C. § 1404(a) [9] shall be granted, and this matter transferred to the Southern District of New York.[1]

An order in accordance with this opinion shall issue this day.

THIS, the _10_ day of March, 2026.

_____
SENIOR U.S. DISTRICT JUDGE

---

[1] While the Defendant also argues this Court lacks personal jurisdiction over it in this matter, the Supreme Court has held a court may order the transfer of venue of a case involving a party over whom the court lacks personal jurisdiction because a transfer of venue is not a decision on the merits. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962); see also *A.H. Beck Foundation Co., Inc. v. Matrix North American Construction, Inc.*, No.SA: 25-CV-906-FB, 2025 WL 3018761, at *2 (W.D. Tex. Oct. 10, 2025; *Sabal Limited LP v. Deutsche Bank AG*, 209 F. Supp. 3d 907, 925, fn.10 (W.D. Tex. 2016).